FILED
 2014 Sep-09 PM 03:22
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DEBRA CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:13-cv-00485-LSC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF OPINION

I.   Introduction

The plaintiff, Debra Cunningham, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB"). Plaintiff's application was denied by an ALJ on September 30, 2010. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's opinion, and remanded the case for further administrative proceedings. After a second hearing, an ALJ issued a decision on October 4, 2011, denying Plaintiff's application for DIB. The Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision

final. As such, Ms. Cunningham timely pursued and exhausted her administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Cunningham was fifty years old at the time of the Administrative Law Judge's ("ALJ's") decision, and she graduated from high school and earned an associate degree in 2003. (Tr. at 62.) Her past work experiences include employment as a cashier, inventory clerk, inventory controller, insurance salesperson, and owner of a consignment shop. (Tr. at 62, 242-43, 274-75, 278, 283-87.) She stopped working and closed her consignment shop in September 2008 because of her "condition and because of the economy." (Tr. at 273.) Ms. Cunningham claims that she became disabled on September 20, 2008, due to bipolar disorder, past drug addiction, suicidal tendencies, and "undiagnosed physical conditions"—bad hips/knees, varicose veins, and swayback spine/lower back problems. (Tr. at 273.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If he or she is, the

claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made, and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant

cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ first found that Ms. Cunningham has not engaged in substantial gainful activity since the alleged onset of her disability, September 20, 2008, through her date of last insured, December 31, 2008. (Tr. at 33.) Next, the ALJ determined that Plaintiff's mild scoliosis and arthralgia are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 35.) The ALJ determined that Plaintiff has the following RFC: to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she could never climb a ladder, rope, or scaffold, and could only occasionally climb ramps or stairs. (*Id.*) Based on a hypothetical describing Plaintiff's RFC for a modified range of light work, the ALJ elicited testimony from a Vocational Expert ("VE") that Plaintiff could perform her past relevant work as an inventory controller and inventory clerk, cashier,

insurance salesperson, and owner of a consignment shop. (*Id.*) The ALJ determined that these jobs do not require Plaintiff to perform any work-related activities precluded by her RFC. (*Id.*) The ALJ stated that Plaintiff could perform this work as she actually performed it and as it is generally performed in the national economy. (Tr. at 36.) The ALJ concluded his findings by stating that Plaintiff "has not been under a 'disability,' as defined in the Social Security Act, at any time from her alleged onset date of disability of September 20, 2008, through her date of last insured of December 31, 2008." (*Id.*)

II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The

substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

On appeal, Ms. Cunningham limits her challenge to whether the ALJ erred in 1) finding her mental impairments non-severe; and 2) finding that she could perform her past relevant work.

    A.    The ALJ's Finding that Plaintiff's Mental Impairments were Non-Severe

Plaintiff argues that the ALJ "had no discretion to overrule the findings of the previous ALJ" who had found at step two of the sequential evaluation process that she had a mental impairment that was severe. As noted, Plaintiff's application was denied by an ALJ on September 30, 2010. In that decision, the ALJ found that Plaintiff had the severe impairments of bipolar disease and mild scoliosis, although ultimately finding that she was not disabled. The Appeals Council granted Plaintiff's request for review, vacated the ALJ's opinion, and remanded the case for further administrative proceedings. Specifically, the Appeals Council found that the ALJ made errors of law when he found at step two that Plaintiff had severe physical and mental impairments, but had failed to include any significant physical or mental limitations when he determined Plaintiff's RFC at step four. The Appeals Council ordered a remand to further evaluate, among other things, "the claimant's mental residual functional capacity and her ability to perform past relevant work." (Tr. at 113.) The remand order instructs the ALJ to "further evaluate the claimant's mental impairment in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 § C.F.R. 404.1520a." (Tr. at 114.) On remand, a different ALJ found that Plaintiff did

not have any mental impairments that were severe. Plaintiff contends that the Appeals Council's remand order adopted the ALJ's finding that she has a severe mental impairment, so the second ALJ erred when he found on remand that she had no severe mental impairments.

Social Security regulations provide that, in the event the Appeals Council orders a remand, the ALJ "shall initiate such additional proceedings and take such other action . . . as is directed by the Appeals Council in its order of remand. The Administrative Law Judge may take any additional action not inconsistent with the order of remand." 20 C.F.R. § 410.665(b); *see also* 20 C.F.R. § 416.1477(b) (noting that an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order").

As an initial matter, because the Appeals Council vacated the first ALJ's written decision, the specific findings contained in that first written decision were never conclusively established and were subject to modification. *See United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002) (opinions or decisions that have been vacated "are officially gone," "void," and "have no legal effect"). As such, Plaintiff's assertion that the Appeals Council "adopted" the first ALJ's written

decision, such that the ALJ on remand could not make his own determination, is without merit. *See Gibbs v. Barnhart*, 130 F. App'x, 426, 430 (11th Cir. 2005) (rejecting the plaintiff's argument that the ALJ was required to find her impairments severe because a previous ALJ had done so because the first ALJ's decision had been vacated by the Appeals Council).

Moreover, the ALJ's action of reviewing the evidentiary record as a whole to determine if Plaintiff's mental impairments were "severe" was "not inconsistent with the Appeals Council's remand order." *See* 20 C.F.R. § 416.1477(b). The remand order instructs the ALJ to "further evaluate the claimant's mental impairment in accordance with the special technique described in 20 C.F.R. § 404.1520a, documenting application of the technique in the decision . . . ." (Tr. at 113.) Section 404.1520a of the Social Security regulations describes a special technique used to evaluate the severity of a claimant's mental impairments at each level in the administrative review process. This section explains that this technique is used to determine, among other things, whether a mental impairment is severe at step two. *See* 20 C.F.R. § 404.1520a(d). As such, since the Appeals Council specifically instructed the ALJ to use the technique found in 20 C.F.R. § 404.1520a to evaluate Plaintiff's mental impairments, the Appeals Council was certainly not adopting the

previous ALJ's decision that Plaintiff had a severe mental impairment, and the second ALJ was free to make his own determination based on the evidence.

Substantial evidence supports the ALJ's finding that Plaintiff's mental impairments (history of substance abuse, opioid dependence, and bipolar disorder in partial remission) were non-severe during the relevant period from September 20, 2008, to December 31, 2008. (Tr. at 32, 34). As the ALJ noted, in November 2008, consultative examining psychologist Jack L. Bentley, Jr., Ph.D., advised that Plaintiff had only mild mood swings, her bipolar disorder was in partial remission, her past narcotic addictions was in remission, and "[s]he does not experience any significant depression or anxiety." (Tr. at 339-40). *See Bridges v. Bowen*, 815 F.2d 622, 626 (11th Cir. 1987) (where the record showed that the claimant's impairments were mild and amenable to medical treatment, the ALJ properly found such impairments were non-severe). Further, as the ALJ noted, on December 15, 2008, reviewing agency psychiatrist Robert Estock, M.D., opined that Plaintiff's mental impairments were non-severe. (Tr. at 348). *See* 20 C.F.R. § 404.1527(e)(2)(i) (agency consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation"). Because substantial evidence supports the ALJ's finding that Plaintiff did not have any mental impairments that

were severe, this claim is without merit.

> B.   The ALJ's Finding that Plaintiff Could Perform her Past Relevant Work

The ALJ was responsible for determining Plaintiff's RFC for the relevant period from September 20, 2008, to December 31, 2008.  *See* 20 C.F.R. § 404.1546(c); *see also* 20 C.F.R. § 404.1527(d)(2) (while medical opinions are considered, the final responsibility for the RFC determination is reserved to the Commissioner).  After considering all record evidence and testimony, the ALJ determined that Plaintiff had the RFC to perform light work, except only occasionally climbing ramps or stairs and never climbing ladders, ropes, or scaffolds.  (Tr. at 35.) The ALJ may also consult a VE to determine whether a claimant can perform any past relevant work, " either as the claimant actually performed it or as generally performed in the national economy."   20 C.F.R. § 404.1560(b)(2).  In response to a hypothetical accurately describing Plaintiff's RFC, the VE testified that Plaintiff could perform her past relevant work as a cashier, inventory clerk, inventory controller, insurance salesperson, and owner of a consignment store as these jobs were actually performed or as they are generally performed in the national economy.  (Tr. at 61-62.)

Plaintiff argues the hypothetical to the VE should have included a sit/stand option, but she does not cite any medical evidence to support such a restriction

besides her own subjective complaints that when she closed her shop she was only able to sit two hours and stand two hours. (Tr. at 54.) *See* 20 C.F.R. § 404.1529(a) ("statements about your pain and other symptoms will not alone establish that you are disabled"). As the ALJ observed, consultative examining physician Howard Youngblood M.D. reported normal physical exam findings in November 2008, and in December 2008, reviewing agency physician Robert H. Heilpern M.D. opined that Plaintiff's "allegations and symptoms are inconsistent with the objective medical findings," and that "claimant does not appear to be significantly limited in her physical abilities." (Tr. at 345, 347). *See* 20 C.F.R. § 404.1529(c)(4) (alleged functional restrictions due to subjective symptoms will diminish a claimant's ability to perform work activities only to the extent they "can reasonably be accepted as consistent with the objective medical evidence and other evidence"). Accordingly, Plaintiff's claim that the ALJ erred by not including a sit/stand option in the hypothetical to the VE is without merit. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (ALJ properly omitted symptoms and limitations from the hypothetical that were unsupported by the record); *Crawford,* 363 F.3d at 1161 ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported"). For the same reason, Plaintiff's reliance on

alternate hypotheticals posed to the VE with presumed limitations that were not part of her assessed RFC is unavailing. (Tr. at 65-66). *See Ingram*, 496 F.3d at 1270; *Crawford*, 363 F.3d at 1161.

IV.   Conclusion

Upon review of the administrative record, and considering all of Ms. Cunningham's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

Done this 9th day of September 2014.

L. Scott Coogler
United States District Judge
[160704]